JOSEPH W. KEFFER

*v.*

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

(No. 12832)

Submitted February 18, 1970.     Decided March 10, 1970.

*W. T. O'Farrell, Jackson, Kelly, Holt & O'Farrell, Robert J. Thrift, Mahan, Higgins, Thrift & Graney,* for appellant.

*Samuel W. Price,* for appellee.

HAYMOND, JUDGE:

This is a civil action instituted in the Circuit Court of Fayette County, West Virginia, in which the plaintiff,

Joseph W. Keffer, seeks to recover from the defendant, The Prudential Insurance Company of America, certain hospital expenses and medical costs in connection with the treatment of an injury which he sustained on May 7, 1965, under a policy of insurance dated March 15, 1965, issued by the defendant, which provided for a maximum daily hospital benefit of $15.00 per day, not to exceed 365 days, for all confinements, and a schedule of surgical procedure.

The defendant moved the circuit court for judgment on the complaint under Rule 12 (b) (6) of the Rules of Civil Procedure and assigned grounds in support of its motion. By its order entered January 4, 1968 the circuit court overruled the motion and on January 5, 1968 the defendant filed its answer, in which it alleged, in addition to other defenses, that the plaintiff was injured while working; that he was covered as to such injury by the Workmen's Compensation law of this State; that he was paid by Workmen's Compensation, as compensation for his injury, the sum of $4400.00 for hospital, medical and like attention; that the fund available for the payment of workmen's compensation benefits was exhausted under the terms of the applicable statute; that the plaintiff incurred further and additional expenses for the treatment of his injury; and that by reason of an exception in the policy of insurance such policy does not provide benefits with respect to sickness or injury covered by any workmen's compensation act or occupational disease law.

On October 21, 1968 the case was heard by the circuit court in lieu of a jury and at the conclusion of the evidence introduced by the plaintiff, which consisted of his testimony concerning his hospitalization and medical treatment and certain bills for those services and checks by which some of those bills were paid by the plaintiff and the policy of insurance on which this action is based, the circuit court overruled a motion of the defendant to direct a verdict in its favor. The defendant introduced no evidence and after having rested moved the court to

enter judgment in its favor. This motion the circuit court overruled and entered judgment in favor of the plaintiff for $890.00, with interest and costs. On October 25, 1968, the circuit court overruled the motion of the defendant to set aside the judgment rendered October 21, 1968. From that judgment this Court granted this appeal upon the application of the defendant.

The undisputed evidence shows that in addition to the payment of $4400.00 of workmen's compensation benefits for hospital expenses and medical costs, the plaintiff, after the compensation benefits were exhausted by the payment of the sum of $4400.00, paid additional hospital expenses and medical costs in the amount of $890.00.

The plaintiff contends, and the circuit court held, that the exception in the policy of insurance that: "This policy does not provide benefits with respect to: (1) Sickness or injury covered by any workmen's compensation act or occupational disease law;" was ambiguous and should be construed liberally in favor of the plaintiff, the insured, and construed strictly against the defendant insurance company. On the contrary the defendant contends that the above quoted provision is clear and unambiguous and is not subject to judicial interpretation.

The principal error assigned by the defendant is the action of the circuit court in holding that the foregoing provision is ambiguous and subject to interpretation and in interpreting it to extend coverage for benefits in excess of those paid from the workmen's compensation fund.

The provision of the policy which excepts from its coverage sickness or injury covered by any workmen's compensation act or occupational disease law is clear and unambiguous. Its meaning is plain and unequivocal and it is not subject to judicial interpretation.

This Court has uniformly held that where the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction

or interpretation, but full effect will be given to the plain meaning intended. *Stone* v. *National Surety Corporation,* 147 W. Va. 83, 125 S. E.2d 618; *Christopher* v. *The United States Life Insurance Company in the City of New York,* 145 W. Va. 707, 116 S. E.2d 864. See also *Laraway* v. *Heart of America Life Insurance Company,* 153 W. Va. 70, 167 S. E.2d 749; *Laxton* v. *National Grange Mutual Insurance Company,* 150 W. Va. 598, 148 S. E.2d 725; *Lewis* v. *Dils Motor Company,* 148 W. Va. 515, 135 S. E.2d 597; *Spencer* v. *The Travelers Insurance Company,* 148 W. Va. 111, 133 S. E.2d 735; *Davis* v. *Combined Insurance Company of America,* 137 W. Va. 196, 70 S. E.2d 814; *Adkins* v. *Aetna Life Insurance Company,* 130 W. Va. 362, 43 S. E.2d 372.

In 43 Am. Jur. 2d, Insurance, Section 259, the text contains these pertinent statements: "The question of construction of a contract of insurance, as of the construction of contracts generally, can arise only when the language of the contract is in need of construction. If the language employed is unambiguous and clear, there is no occasion for construction. Stated differently, resort to general rules for the construction of an insurance policy is unnecessary where the contract is unambiguous and its meaning clear. The court is bound to adhere to the insurance contract as the authentic expression of the intention of the parties, and it must be enforced as made where its language is plain and certain. This means that the terms of an unambiguous insurance policy cannot be enlarged or diminished by judicial construction, since the court cannot make a new contract for the parties where they themselves have employed express and unambiguous words."

By the clear and unambiguous terms of the policy of insurance, coverage for an injury covered by any workmen's compensation act is expressly excluded, and in consequence the plaintiff can not recover for any expenses which he has paid or incurred as a result of his injury.

As the foregoing provision is clear and unambiguous

the principle that a contract of insurance should be construed liberally in favor of the insured and construed strictly against the insurer has no present application. That principle applies only when there is an ambiguous provision which renders permissible construction or interpretation of such provision.

For the reasons stated the judgment of the circuit court which allows benefits in the amount of $890.00 paid by the plaintiff in excess of those paid by workmen's compensation and awarded a recovery in that amount in favor of the plaintiff is erroneous and must be, and it is, reversed and set aside; and this action is remanded to the circuit court for further proceedings in accordance with the views expressed in this opinion.

*Reversed and remanded.*