DONNA LeCUYER *vs.* METROPOLITAN PROPERTY AND
LIABILITY INSURANCE COMPANY.

Worcester. December 9, 1987. — February 16, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Insurance,* Motor vehicle insurance, Underinsured motorist, Construction
of policy.

A plaintiff who, while operating one of the three vehicles insured by the
defendant under a 1984 standard Massachusetts motor vehicle policy
issued to the plaintiff and her husband, sustained personal injuries result-
ing in a claim against the defendant for $20,000 of underinsurance
coverage with respect to each vehicle, or $60,000, was entitled to recover
not more than the single limit of $20,000 of underinsured motor vehicle
coverage stated in the policy. [710-712]

CIVIL ACTION commenced in the Superior Court Department
on October 24, 1986.

The case was heard by *Gerald F. O'Neill, Jr.,* J., on motions
for summary judgment.

The Supreme Judicial Court granted a request for direct
appellate review.

*Alphonse P. San Clemente* for the plaintiff.

*Andre A. Sansoucy* for the defendant.

WILKINS, J. This is the first of six cases we decide today
raising the question whether an insured may recover more than
the single limit of underinsured motor vehicle coverage stated
in the policy when more than one vehicle is provided such
coverage under a single standard Massachusetts motor vehicle
insurance policy. In the vernacular, the question is whether
the insured is entitled to "stack" the underinsured motorist
coverage.

In January, 1984, the plaintiff was injured in a head-on
collision with another vehicle while operating one of three

vehicles insured by the defendant insurer under a 1984 standard Massachusetts motor vehicle policy issued to the plaintiff and her husband. The coverage for "Bodily Injury Caused by an Uninsured or Underinsured Auto" shown on the coverage selections page of the policy was $20,000 a person and $40,000 for each accident for each of the three vehicles. The plaintiff was injured seriously in the accident; the other vehicle involved in the accident was underinsured; the plaintiff settled her claim against the third party with the defendant's consent; and by this action she sought to recover $20,000 against the defendant with respect to each vehicle, or $60,000. The insurer does not dispute her right to coverage but argues that her coverage in the circumstances is limited to $20,000, which it has paid to the plaintiff. In other words, the insurer says, the plaintiff is not entitled to stack the underinsured coverage.

The plaintiff does not argue that the policy by its terms allows her more than a single recovery of $20,000. She argues, however, that any policy language limiting her to a single recovery directly conflicts with a mandate of G. L. c. 175, § 113L (1986 ed.), and must be disregarded. In his March, 1987, memorandum the judge noted that decided cases showed a division of opinion on this stacking question among Superior Court judges. He concluded that the policy clearly and unambiguously prohibited stacking and that the denial of stacking did not violate the requirements of G. L. c. 175, § 113L. He presciently expressed serious doubt whether this court would disregard the express language of the policy in the absence of a legislative mandate to do so. The plaintiff appeals from a judgment entered in favor of the insurer on its motion for summary judgment. We granted the insurer's application for direct appellate review and now affirm the judgment.

The significant language of the 1984 policy concerning underinsured motorist coverage states "[t]he most we will pay for injury to any one person as a result of any one accident is shown on the Coverage Selections Page. The most we will pay for injuries to two or more people as a result of a single accident is also shown on the Coverage Selections Page. This is the most we will pay as the result of a single accident no

matter how many autos or premiums are shown on the Coverage Selections Page." That language says that it does not matter how many vehicles the policy covers; a person only has underinsured motorist coverage to the limit stated in the policy.

The plaintiff argues that the policy language cannot be permitted to control her rights because G. L. c. 175, § 113L, requires that she be granted coverage cumulatively as to each vehicle. Section 113L (1) states, in relevant part, that each Massachusetts motor vehicle policy must provide liability coverage (in amounts prescribed for bodily injury or death for a liability policy under G. L. c. 175), "under provisions approved by the insurance commissioner, for the protection of persons insured thereunder . . . who are legally entitled to recover damages from [persons] whose policies or bonds are insufficient in limits of liability to satisfy said damages." Section 113L does not require a specific amount of coverage for each insured vehicle; it requires a specific amount of coverage under each policy. By providing $20,000 of underinsured motor vehicle coverage under the defendant's policy, the insurer more than satisfied the requirement of § 113L that the policy provide $10,000 of coverage in these circumstances.

The plaintiff argues that, if each vehicle had been insured under a separate policy in the same amount, she would have been entitled to recover $20,000 as to each vehicle and that combining coverage of the vehicles under one policy should not produce a different result. She is correct that she would have been able to recover with respect to each vehicle, if each vehicle had had its own separate policy. As to underinsurance limits which must be carried (see G. L. c. 175, § 113L [$10,000/ $20,000]; compare *Lumbermens Mut. Casualty Co.* v. *DeCenzo*, 396 Mass. 692, 694-695 [1986]), and as to such limits which must be offered and are accepted (see G. L. c. 175, § 113C [up to $25,000/60,000]; *Johnson* v. *Hanover Ins. Co.*, 400 Mass. 259, 264-265 [1987]), we would reject as contrary to the language and policy of § 113L any attempt in any policy to limit available coverage to that provided by just one of two or more applicable policies. See *Cardin* v. *Royal Ins. Co.*, 394 Mass. 450, 456-457 (1985).

Within the discretion the statutes give the commissioner to decide the terms of a standard motor vehicle policy, he has the right to define the coverage which the standard motor vehicle policy will provide. See *Liberty Mut. Ins. Co.* v. *Commissioner of Ins.*, 395 Mass. 765, 774 (1985). The commissioner did not exceed his range of lawful choices in concluding that the coverage which § 113L requires is to be made available on the basis of each policy and not on the basis of each vehicle covered under a policy. Unlike the *Cardin* case, the commissioner's policy language was within the permissible limits of statutory requirements, and the unambiguous policy provision concerning the scope of underinsured motorist coverage controls.[1] We are dealing with a question of agency decisionmaking within statutory limits. There is no room for the judicial development of common law rules of stacking.

The defendant insurer has paid the plaintiff the amount of underinsured motorist coverage which the law required be made available to her.

*Judgment affirmed.*

---

[1] It appears that the same uninsured-underinsured premium is charged for each vehicle whether it is covered under its own separate policy or along with one or more other vehicles in one policy. This is not a case, however, where the premium paid on a second vehicle covered under one policy provides no meaningful additional coverage. See *Cody* v. *Connecticut Gen. Life Ins. Co.*, 387 Mass. 142, 150-151 (1982). Whether there is a difference in loss and expense experience between vehicles covered under separate policies and vehicles combined under one policy warranting different premium charges is not the concern of the plaintiff in this case.