445 S.E.2d 171

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Plaintiff,

v.

George D. AGRIPPE and Chris Agrippe, individually, both as the natural parents and Next of Friends of George Sean Agrippe, Denise Agrippe Boggs, Christine Agrippe Shirkey, Michael W. Lanham, and Susan Suter, Defendants.

### DAIRYLAND INSURANCE COMPANY, Plaintiff,

v.

Michael W. LANHAM, George D. Agrippe and Chris Agrippe, individually, both as the natural parents and next friend of George Sean Agrippe, Denise Agrippe Boggs, and Christy Agrippe Shirkey, Defendants.

No. 22018.

Supreme Court of Appeals of West Virginia.

Submitted May 4, 1994.

Decided May 19, 1994.

Anita R. Casey, Meyer, Darragh, Buckler, Bebenek & Eck, Charleston, for Dairyland Ins. Co.

Rocco S. Fucillo, Wilson, Fucillo & Shields, L.C., Fairmont, for the Agrippes.

NEELY, Justice:

In this case we consider two certified questions that arose from a motion for summary judgment made by Dairyland Insurance Company ["Dairyland"]. The questions certified pursuant to *W.Va.Code* 58–5–2 [1967] by the Circuit Court of Harrison County concern the duty of an uninsured motorist

carrier to pay interest over and above the liability limits of the policy.

The facts of this case are undisputed. On 25 March 1990, George Sean Agrippe was seriously injured in a one-car accident. The car in which Mr. Agrippe was a passenger was owned and operated by Michael W. Lanham. At the time of the accident, Mr. Lanham was insured under an automobile liability policy issued by Dairyland.[1]

On 7 May 1990, Dairyland made an oral offer of its twenty-thousand dollar per person bodily injury coverage to Mr. Agrippe. On 5 July 1990, Mr. Agrippe filed a civil action in the Circuit Court of Harrison County against Mr. Lanham seeking damages arising from the 25 March 1990 accident.[2] On 8 August 1990, Dairyland filed its answer on behalf of Mr. Lanham.

On 26 October 1990, Dairyland, upon obtaining Mr. Lanham's authorization to settle on behalf of itself, paid the full twenty-thousand dollar bodily injury liability to Mr. Agrippe and his counsel. The terms of the settlement did not include a complete release of claims asserted by Mr. Agrippe against Mr. Lanham.

On 31 December 1990, Dairyland filed a complaint for declaratory relief in the Circuit Court of Harrison County to determine its responsibility and duties to Mr. Lanham and Mr. Agrippe under the insurance policy issued to Mr. Lanham.[3] On 16 January 1991, Mr. Agrippe filed an answer and counterclaim, seeking underinsured motorist coverage, interest on Mr. Agrippe's special damages in an amount over and above the liability limits paid, and damages for a bad faith

---

1. The policy provided liability coverage in the amount of $20,000.00 per person, $40,000.00 per occurrence and $10,000.00 for property damage. The vehicle also had underinsured motorist coverage in the same amounts and medical payment coverage in the amount of $500.00.

2. The case was assigned Civil Action No. 90–C–461–1 and bears the style: *George D. Agrippe and Chris Agrippe, individually, both as the natural parents and Next of Friends of George Sean Agrippe, Denise Agrippe Boggs, and Christy Agrippe Shirkey v. Michael W. Lanham, Teddy's Lounge, Inc., a West Virginia corporation, Ted Alan Shaver and Michele A. Shaver, The Citizens*

*National Bank of Evans City, a foreign corporation, Susan Suder, an individual, Fair Hills Properties, a partnership, Lou Molnar, individually, and as a partner of Fair Hills Properties, and William Baierl, individually and as a partner of Fair Hills Properties.*

3. The case was assigned Civil Action No. 90–C–901–1 and bears the style: *Dairyland Insurance Company v. Michael W. Lanham, George D. Agrippe and Chris Agrippe, individually, both as the natural parents and next friends of George Sean Agrippe, Denise Agrippe Boggs, and Christy Agrippe Shirkey.*

delay in failing to pay the monies demanded in the counterclaim.[4]

On 30 April 1993, Dairyland filed a motion for summary judgment and memorandum in support of the same contending that the absence of a provision for prejudgment interest (except for interest on a judgment in a lawsuit defended by Dairyland) in the policy language precluded such a payment to Mr. Agrippe. The Circuit Court denied Dairyland's motion for summary judgment and certified the following two questions to this Court for review and decision:

1. Whether Dairyland Insurance Company has a duty to pay interest on all, or any portion, of George Sean Agrippe's special damages, where the full limit of liability coverage has previously been paid on behalf of Michael Lanham?

2. Whether Dairyland Insurance Company has a duty to pay interest on any judgment awarded by a jury, in favor of George Sean Agrippe and against Michael Lanham, in Civil Action No. 90–C–461–1, styled: *George D. Agrippe and Chris Agrippe, individually, both as the natural parents and Next of Friends of George Sean Agrippe, Denise Agrippe Boggs, and Christy Agrippe Shirkey v. Michael W. Lanham, Teddy's Lounge, Inc., a West Virginia corporation, Ted Alan Shaver and Michele A. Shaver, The Citizens National Bank of Evans City, a foreign corporation, Susan Suder, an individual, Fair Hills Properties, a partnership, Lou Molnar, individually, and as a partner of Fair Hills Properties, and William Baierl, individually and as a partner of Fair Hills Properties,* and currently pending before the Circuit Court of Harrison County, West Virginia, in which Dairyland Insurance Company is providing a defense to Michael Lanham?

### I.

The first question we are asked to answer is whether Dairyland has a duty to pay interest on any of Mr. Agrippe's special damages when Dairyland previously had paid the full limit of liability coverage.

■ This Court consistently has held that "where the provisions of an insurance policy are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." Syllabus, *Keffer v. Prudential Ins. Co.,* 153 W.Va. 813, 172 S.E.2d 714 (1970); Syl. pt. 1, *Buckhannon–Upshur Cty. Airport v. R & R Coal,* 186 W.Va. 583, 413 S.E.2d 404 (1991); *Russell v. State Auto. Mut. Ins. Co.,* 188 W.Va. 81, 422 S.E.2d 803 (1992); *Arndt v. Burdette,* 189 W.Va. 722, 434 S.E.2d 394 (1993).

The Dairyland Car Policy involved in this case provides on page 6 that:

> The limits of liability shown on the Declarations Page are the maximum amounts we'll pay in damages for any one car accident. The limit for "each person" is the limit for all claims by all persons for damages from bodily injury to one person . . .

■ The sole reference to the payment of interest over and above the coverage amounts shown on the Declarations Page is found on pages 3 and 4 of the Policy and reads:

> If you lose a lawsuit that we're defending, we'll pay the court costs, including court costs if we decide to appeal. We'll also pay interest on the full amount of the judgment even if the judgment is higher than the limits of liability. And we'll pay this interest from the day the judgment is entered until we've offered the other party the amount of the judgment up to the full limits of liability available under this insurance.

Hence, there is no language in the policy explicitly imposing a duty on Dairyland to pay interest on special damages where the full limit of liability coverage already has been paid on behalf of the insured.

This Court has yet to consider the duty of an uninsured motorist carrier to pay interest over and above the liability limits of the policy. However, in *Buckhannon–Upshur Cty. Airport v. R & R Coal, supra,* a case that involved a claim by a county airport

---

4. The lower court did not address the bad faith issue because a ruling in Dairyland's favor on the two issues presented would make the bad faith issue moot.

authority against the contractors of an airport construction project, we addressed the duty of an insurer to pay pre-judgment interest on a judgment where there was no specific provision in the policy providing the same. In that case, we held that absent a bad faith claim against the insurer, pre-judgment interest in excess of stated policy limits may not be assessed against the insurer without a policy provision providing therefor. *See also Russell v. State*, 188 W.Va. 81, 422 S.E.2d 803 (1992); *Ward v. Baker*, 188 W.Va. 569, 425 S.E.2d 245 (1992).

Likewise, in *Carney v. Erie Insurance Company*, 189 W.Va. 702, 434 S.E.2d 374 (1993), in which we analyzed the medical payment provisions of an insurance policy, this Court recognized that where provisions for coverage are not statutorily mandated, as is the case with medical payments coverage, such provisions are controlled by the language of the policy itself. In this case, there is neither a statutory nor a regulatory requirement for payment of interest, and there is no policy language providing for the same. Therefore, pursuant to our rulings in *Buckhannon–Upshur, supra* and *Carney, supra,* there can be no recovery of interest over and above the liability limits of the policy.

## II.

The second question certified to this court asks whether Dairyland has a duty to pay interest on any judgment awarded by a jury in favor of Mr. Agrippe and against Mr. Lanham.

 As we stated above, West Virginia law constrains us from interpreting an insurance policy provision where the language in that provision is clear and unambiguous. Syllabus, *Keffer, supra;* Syl. pt. 1, *Buckhannon–Upshur Cty. Airport, supra; Russell, supra; Arndt, supra.* Although the Dairyland Car Policy quoted above provides that Dairyland will pay interest on the full amount of the judgment, even if higher than the limits of liability, this provision refers, by its own language, only to those cases where Dairyland has taken the suit to judgment without having offered the full limit of liability coverage. In this case, the full limit of liability insurance coverage was offered to

Mr. Agrippe on 7 May 1990, less than two months after the accident and almost two months before Mr. Agrippe filed his complaint for damages. Thus, because pursuant to the Dairyland Policy, the payment of policy limits ends the insurer's duty to provide coverage, the provision for the payment of interest on a judgment is clearly inapplicable to this case.

Accordingly, we hold that Dairyland, an uninsured motorist carrier, is under no duty to pay interest either on Mr. Agrippe's special damages or on any judgment awarded by a jury because the full limits of liability have been paid.

Certified Questions Answered.