460 S.E.2d 473

**Rebecca Moore TILLER, Plaintiff Below, Appellee,**

v.

**Christopher BLEVINS, Defendant Below and Federal Kemper Insurance Company, Defendant Below, Appellant.**

**No. 22535.**

Supreme Court of Appeals of West Virginia.

Submitted May 2, 1995.

Decided July 13, 1995.

Mary H. Sanders, James C. Stebbins, Blake Benton, Huddleston, Bolen, Beatty, Porter & Copen, Charleston, for appellant.

J.W. Feuchtenberger, Lisa Davis Clark, Stone, McGhee, Feuchtenberger & Barringer, Bluefield, for appellee.

Heather Heiskell Jones, Robert A. Lockhart, Spilman, Thomas & Battle, Charleston, for the West Virginia Ins. Federation amicus curiae.

PER CURIAM:

This case is before this Court upon an appeal from a final order of the Circuit Court of Mercer County entered on May 20, 1994. Pursuant to that order, the circuit court entered judgment for the appellee, Rebecca Moore Tiller, and declared invalid the anti-stacking language, concerning underinsured motorist coverage, in an automobile insurance policy issued by the appellant, the Federal Kemper Insurance Company. For the reasons stated below, the judgment of the circuit court is reversed.

It should be noted that a brief *amicus curiae* has been filed by the West Virginia Insurance Federation.

## I.

In May 1990, Rebecca Moore Tiller sustained substantial personal injuries when the car she was operating was struck by the vehicle of a driver alleged to be intoxicated. The accident occurred near the City of Princeton, Mercer County, West Virginia.

At the time of the accident, the car operated by Tiller was insured by an automobile insurance policy, No. 0591318, issued by the Federal Kemper Insurance Company to James E. Moore, Sr. Rebecca Moore Tiller is the daughter of James E. Moore, Sr. and, as a resident of the Moore home during the period in question, was covered under the policy. Among other matters, the policy included uninsured and underinsured coverage upon eight vehicles, including the car operated by Rebecca Moore Tiller. Specifically, the policy provided $50,000 per person bodily injury uninsured/underinsured motorist coverage with respect to each of the Moore vehicles.

The premiums paid by James E. Moore, Sr. for the policy issued by the Federal Kemper Insurance Company, totalling $959.00, were set forth in the policy. In particular, the bodily injury uninsured/underinsured motorist coverage was $11.00 for each of the eight vehicles. The record is clear that although no multi-car discount of any kind appears on the policy issued to James E. Moore, Sr., a multi-car discount was, in fact, given by the Federal Kemper

Insurance Company and was reflected in the total policy premium.[1]

The policy issued to James E. Moore, Sr. also sets forth the following anti-stacking language with regard to uninsured and underinsured motorist coverage:

OUR LIMIT OF LIABILITY

Regardless of the number of insureds, claims made, vehicles or premiums shown in the Declarations or vehicles involved in the accident, the most we will pay for all damages resulting from any one accident is the limit of UNINSURED MOTORIST INSURANCE or UNDERINSURED MOTORIST INSURANCE shown in the declarations.

Rebecca Moore Tiller instituted an action for personal injuries in the Circuit Court of Mercer County and, subsequently, amended her complaint by adding a count against the Federal Kemper Insurance Company for declaratory relief. *W.Va.R.Civ.P.* 57; *W.Va. Code,* 55–13–1, *et seq.,* "Uniform Declaratory Judgments Act." Indicating that the other driver in the accident was underinsured, Rebecca Moore Tiller asserted, in the amended complaint, that she is entitled to stack the $50,000 policy limits of underinsured coverage, regarding the eight vehicles, for coverage in the total amount of $400,000. However, asserting that the above anti-stacking language is unambiguous and in conformity with law, the Federal Kemper Insurance Company contends that stacking should not be permitted.

Upon entering a stay of the personal injury cause of action, the Circuit Court of Mer-

---

1. The Moore family has asserted that they had no knowledge that a multi-car discount had been given upon the policy. Nevertheless, such a discount was given. As noted by the Circuit Court of Mercer County in the final order: "Federal Kemper, by affidavit, which was uncontroverted, shows that the premium rate, calculated for each car, reflects that a multi-car discount was applied and is reflected in total premium."

Preceding that order was the filing of an affidavit of a Federal Kemper Insurance Company supervisor who stated:

Each of the eight vehicles insured under the Moore Policy could have been insured by the Moores under separate automobile insurance policies with Federal Kemper. Because the Moores insured their eight vehicles on a single

automobile policy with Federal Kemper, they received a 'multi-car' discount in the premium charged by Federal Kemper.

. . . .

In the event the Moores had insured their eight vehicles under separate insurance policies with Federal Kemper, the total amount of the premium for [a] six (6) month period which would have been charged for the coverages provided in the Moore Policy would have been One Thousand One Hundred Ninety Five Dollars ($1,195.00). Because the Moores received a multi-car discount for insuring eight vehicles under a single insurance policy, the total insurance premium charged for [a] six (6) month period for these coverages was Nine Hundred Fifty Nine Dollars ($959.00).

cer County conducted a hearing upon the declaratory judgment aspect of the case. Following the hearing, the circuit court concluded that stacking should be permitted and entered judgment for Rebecca Moore Tiller. The final order of May 20, 1994, states: "The Court finds that the anti-stacking language found in the subject insurance policy is invalid, and that the Federal Kemper policy at issue provides underinsured coverage, totalling $400,000, on each of the eight vehicles covered under the subject policy."

## II.

In this action, the automobile insurance policy in question provided underinsured motorist coverage for multiple vehicles and included anti-stacking language. In addition, the premium for the policy included a multi-car discount, although not reflected upon the policy. Similar circumstances were before this Court in *Russell v. State Automobile Mutual Insurance Company*, 188 W.Va. 81, 422 S.E.2d 803 (1992).

■ In *Russell*, two vehicles were included in a single policy providing uninsured and underinsured coverage. The annual combined premium for uninsured and underinsured coverage was $6.00 for the first vehicle and $5.00 for the second vehicle. The policy also contained the following anti-stacking language, similar to the anti-stacking language before this Court: "The limit of liability applicable to Uninsured Motorists Coverage or Underinsured Motorists Coverage is the most we will pay regardless of the number of: 1) 'Insureds'[;] 2) Claims made; 3) Vehicles or premiums shown in the Schedule or in the Declarations; or 4) Vehicles involved in the accident." That language was determined in *Russell* to be clear and unambiguous and in conformity with the provisions of *W.Va.Code*, 33–6–31(b) [1992], concerning

this State's standards for uninsured and underinsured provisions in automobile insurance policies.[2] Moreover, in syllabus point 5 of *Russell*, we held:

West Virginia Code sec. 33–6–31 (1992) does not forbid the inclusion and application of an anti-stacking provision in an automobile insurance policy where a single insurance policy is issued by a single insurer and contains an underinsured endorsement even though the policy covers two or more vehicles. Under the terms of such a policy, the insured is not entitled to stack the coverages of the multiple vehicles and may only recover up to the policy limits set forth in the single policy endorsement.

*See also* syl. pt. 2, *Arbogast v. Nationwide Mutual Insurance Company*, 189 W.Va. 27, 427 S.E.2d 461 (1993); *Nadler v. Liberty Mutual Fire Insurance Company*, 188 W.Va. 329 n. 6, 424 S.E.2d 256 n. 6 (1992). The rationale for that holding was expressed in *Russell* as follows:

[I]t is easily discernable that the reason a single policy was issued rather than multiple policies was that the premium for underinsured motorist coverage on the second vehicle was set at a lesser rate than the premium for the first vehicle. Furthermore, because of the multi-car discount given, it is obvious that the insured appellee bargained for only one policy and only one underinsurance motorist coverage endorsement. . . . The insured was therefore receiving the benefit of that which he bargained for and should not receive more. Had this multi-car discount not been given by the insurer and had the insured paid a full premium for both vehicles, a different result may have been reached by this Court.

188 W.Va. at 85, 422 S.E.2d at 807.

Even more relevant to the action before this Court, in terms of the multi-car discount,

---

**2.** *W.Va.Code*, 33–6–31(b) [1992], provides, in part, that an automobile insurance policy:

shall provide an option to the insured with appropriately adjusted premiums to pay the insured all sums which he shall legally be entitled to recover as damages from the owner or operator of an uninsured or underinsured motor vehicle up to an amount not less than limits of bodily injury liability insurance and property damage liability insurance purchased

by the insured without setoff against the insured's policy or any other policy.

As the *Russell* opinion states: "[T]he pertinent statutory provision does not prohibit an insurer from limiting underinsured motorist coverage to the limits of bodily injury liability coverage where multiple vehicles are listed on the same insurance policy." 188 W.Va. at 83–84, 422 S.E.2d at 805–806.

342

is our recent decision in *Miller v. Lemon,* 194 W.Va. 129, 459 S.E.2d 406 (1995). In that case, Miller, who sustained personal injuries in an automobile accident involving an uninsured driver, was insured by a single automobile insurance policy which covered two vehicles and included provisions for uninsured motorist coverage. The policy also included anti-stacking language similar to the anti-stacking language before us. In addition, the premium for the policy included a multi-car discount, although not reflected upon the policy.

As in *Russell,* this Court determined the anti-stacking language in *Miller* to be clear and unambiguous and in conformity with the provisions of *W.Va.Code,* 33–6–31(b). *See* n. 2, *supra.* Moreover, syllabus point 4 of *Miller* holds:

> Anti-stacking language in an automobile insurance policy is valid and enforceable as to uninsured and underinsured motorist coverage where the insured purchases a single insurance policy to cover two or more vehicles and receives a multi-car discount on the total policy premium. If no multi-car discount for uninsured or underinsured motorist coverage is apparent on the declarations page of the policy, the parties must either agree or the court must find that such a discount was given. In such event, the insured is not entitled to stack the coverages of the multiple vehicles and may only recover up to the policy limits set forth in the single policy endorsement.

As in *Russell* and *Miller,* the anti-stacking language in the automobile insurance policy before this Court is clear and unambiguous and entitled to "the plain meaning intended." Syllabus, *Keffer v. Prudential Insurance Company of America,* 153 W.Va. 813, 172 S.E.2d 714 (1970). Furthermore, inasmuch as the policy issued by the Federal Kemper Insurance Company is not substantially different from the policies under scrutiny in *Russell* and *Miller,* the policy fully comports, as did those policies, with the requirements of *W.Va.Code,* 33–6–31(b).

In addition, although not expressly set forth upon the policy, the record demonstrates that a multi-car discount was, in fact, given and was reflected in the total policy premium. As the circuit court noted: "Federal Kemper, by affidavit, which was uncontroverted, shows that the premium rate, calculated for each car, reflects that a multi-car discount was applied and is reflected in total premium." *See* n. 1, *supra.*

In view of the above, therefore, we find syllabus point 4 of *Miller* dispositive of the stacking issue before this Court. As indicated in the brief of the Federal Kemper Insurance Company, the insurer received validation of the anti-stacking language of the policy in exchange for extending the multi-car discount to the insured. Thus, Rebecca Moore Tiller is not entitled to stack the coverages of the eight vehicles.

Upon all of the above, the final order of the Circuit Court of Mercer County entered on May 20, 1994, is reversed, and this action is remanded to that court for further proceedings consistent with this opinion.

Reversed and remanded.

BROTHERTON and RECHT, JJ., did not participate.

FOX, J., and MILLER, Retired J., sitting by temporary assignment.