64 F.3d 661
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
WESTFIELD INSURANCE COMPANY, an Ohio capital stock company,
Plaintiff-Appellee,
v.
Grady HICKS; Jackie Dean Hicks, Administrator of the estate
of Dollie Hicks, Defendants-Appellants.
 No. 94-1173.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 7, 1994.
Decided Aug. 22, 1995.
 
 ARGUED: William Mathews Lester, Jr., Charleston, West Virginia, for Appellants. Anita Rose Casey, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, Charleston, West Virginia, for Appellee.
 Before RUSSELL and MICHAEL, Circuit Judges, and MESSITTE, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 On July 29, 1991, Dollie Hicks was injured in an automobile accident that occurred in Charleston, West Virginia.[1] The vehicle in which she was a passenger was owned by her husband Grady Hicks and insured by Westfield Insurance Company. Westfield filed a Complaint for Declaratory Relief in the United States District Court for the Southern District of West Virginia, seeking a declaration that Mr. and Mrs. Hicks were not entitled to "stack" the underinsured motorist coverage available to them under the terms of the underinsured motorists endorsement with Westfield. The Hickses argued that coverage should stack based on the alleged oral representations of Dennie Hill, an insurance agent for Westfield who Grady Hicks claims informed him that coverage on all four of the Hickses' vehicles would stack. The district court found the anti-stacking language of the Westfield policy clear and unambiguous, declined to receive parol evidence contradicting the terms of the policy, and entered summary judgment in favor of Westfield. The Hickses then initiated this appeal.
 
 
 2
 Following oral argument, Appellants filed a motion requesting that we delay our decision on the grounds that the West Virginia Supreme Court of Appeals was in the process of considering, in a different case, whether the identical language of the Westfield policy permitted stacking of coverage. Marvin v. Jackson, et al., Supreme Court of Appeals of West Virginia, Appeal No. 941205. At issue in Marvin was whether a general as opposed to specific reduction in the premium for multiple automobiles satisfied the requirements of Russell v. State Automobile Mutual Insurance Company, et al., 422 S.E.2d 803 (W.Va.1992), that a reduced premium for underinsured motorist coverage must be granted to the insured in order to preclude stacking of such coverages. Westfield opposed the delay on the grounds that in the district court Appellants never raised the issue of whether Westfield had met the Russell requirements of a reduced premium, nor had they objected to the court's specific finding that the Hickses "received a multi-vehicle discount, whereby they were charged a lower premium for underinsured coverage by insuring all four vehicles under the same policy." We granted Appellants' motion to place this case in abeyance pending the outcome of the Marvin case in the West Virginia Supreme Court of Appeals.
 
 
 3
 The state supreme court has now decided Marvin, holding that the validity of anti-stacking language is not contingent upon the presence of a specific multi-vehicle discount for underinsured motorist coverage. Marvin v. Lavender, 1995 WL 416464 (West Virginia).[2] In effect, the anti-stacking language in Marvin, identical to the antistacking language in the present case, has been held enforceable.
 
 
 4
 Accordingly we now affirm on the reasoning of the District Court, Westfield Insurance Company v. Hicks, Civil Action No. 2:92-1093 (S.D.W.Va., December 17, 1993). Even were we to deem Appellants' argument regarding the specific reduced premium for underinsured motorist coverage to have been timely made, that argument has been definitively put to rest by the decision of the Supreme Court of Appeals of West Virginia in Marvin v. Lavender, supra.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 During the pendency of these proceedings, Ms. Hicks died, apparently as a result of the injuries received in the accident. Jackie Dean Hicks, the administrator of her estate, has been substituted in her place
 
 
 [2]
 Frank R. Lavender, as administrator of the estate of James C. Jackson, substituted for Jackson on appeal; hence the different caption of the court's final opinion