489 S.E.2d 19

**Jerry LINKINOGGOR, Individually and as Administrator of the Estate of Allison Renae Linkinoggor, Plaintiff Below, Appellant**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, a Corporation, Defendant Below, Appellee.**

No. 23871.

Supreme Court of Appeals of West Virginia.

Submitted April 30, 1997.

Decided June 19, 1997.

. R. Terry Butcher, Timothy B. Butcher, Butcher & Butcher, Glenville, for Appellant.

Mary H. Sanders, James C. Stebbins, Huddleston, Bolen, Beatty, Porter & Copen, Charleston, for Appellee.

1. Mr. Linkinoggor brought this action on behalf of himself and as administrator of the estate of Allison Linkinoggor, deceased.

2. The payout from stacking would be $400,000.

**PER CURIAM:**

This appeal arises from an order of the Circuit Court of Roane County granting a motion for summary judgment to the appellee/defendant, Nationwide Mutual Insurance Company, (hereinafter referred to as Nationwide) and against the appellant/plaintiff, Jerry Linkinoggor.[1] The plaintiff alleges in this appeal that material issues of fact were in dispute which precluded summary judgment.

### I.

This case starts out with the untimely death of the plaintiff's daughter, Allison Linkinoggor. On January 10, 1992, at about 2:00 a.m., Allison was a passenger in a car being driven by Marie Gatson. The record indicates Marie lost control of the vehicle while traveling along Route 20 in Upshur County. The vehicle left the road and crashed. Both women were killed.

Shortly after Allison's death State Farm, insurer of the vehicle Marie was driving, paid its liability limit of $100,000 to Allison's estate. Subsequent to this settlement, the plaintiff filed this action against Nationwide seeking to obtain monies from his underinsured motorist coverage as a result of Allison's death. The plaintiff insured four vehicles with Nationwide under one policy. The policy carried underinsured motorist coverage of $100,000 per person, $300,000 per occurrence.

In this action the plaintiff sought a declaratory determination that he could stack the limits of his underinsured motorist coverage for each of the four vehicles covered under his policy.[2] The plaintiff alleged that he should be permitted to stack the limits because Nationwide failed to give him a premium discount on the single policy. Nationwide argued that the plaintiff was given a premium discount. Nationwide also asserted that the policy expressly precluded stacking.[3]

Nationwide filed for summary judgment on July 14, 1993. The circuit court denied the

3. The record discloses that Nationwide deposited, with the court, the $100,000 underinsured policy limit.

motion by order entered September 27, 1993. Nationwide again sought summary judgment on August 15, 1995. The circuit court granted the second motion for summary judgment on April 12, 1996. The sole determinative issues in this appeal are (1) whether the language of the policy precluded stacking and (2) whether the plaintiff received a premium discount for insuring four vehicles under the policy.[4]

## II.

■ We begin our discussion by setting out the standard of review of an order granting summary judgment. We said in syllabus point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), that "[a] circuit court's entry of summary judgment is reviewed de novo." *See* Syl. pt. 1, *Davis v. Foley*, 193 W.Va. 595, 457 S.E.2d 532 (1995). This Court indicated in syllabus point 1 of *Fayette County National Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997) that " '[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syl. Pt. 3, *Aetna Casualty & Surety Co. v. Federal Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." In syllabus point 5 of *Jividen v. Law*, 194 W.Va. 705, 461 S.E.2d 451 (1995) we explained the meaning of "genuine issue" as follows:

Roughly stated, a "genuine issue" for purposes of West Virginia Rule of Civil Procedure 56(c) is simply one half of a trialworthy issue, and a genuine issue does not arise unless there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict for that party. The opposing half of a trialworthy

issue is present where the non-moving party can point to one or more disputed "material" facts. A material fact is one that has the capacity to sway the outcome of the litigation under the applicable law.

■ In the case *sub judice* we must determine whether the language of the policy contained an anti-stacking provision. "The interpretation of an insurance contract, including the question of whether the contract is ambiguous, is a legal determination which, like the court's summary judgment, is reviewed de novo on appeal." *Payne v. Weston*, 195 W.Va. 502, 506–507, 466 S.E.2d 161, 165–166 (1995) (citation omitted). We stated in the single syllabus of *Keffer v. Prudential Ins. Co.*, 153 W.Va. 813, 172 S.E.2d 714 (1970) that "[w]here the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended."

■ The question of the existence of anti-stacking language in a policy was presented to this Court in *Russell v. State Automobile Mutual Insurance Company*, 188 W.Va. 81, 422 S.E.2d 803 (1992). In *Russell* two vehicles were included in a single policy providing underinsured coverage. The policy contained anti-stacking language. We determined in *Russell* that the anti-stacking language was clear, unambiguous and in conformity with the provisions of W.Va.Code § 33–6–31(b) [1996], concerning this State's standards for uninsured and underinsured provisions in automobile insurance policies. Moreover, in syllabus point 5 of *Russell*, we held:

West Virginia Code sec. 33–6–31 [1996] does not forbid the inclusion and application of an anti-stacking provision in an automobile insurance policy where a single insurance policy is issued by a single insur-

---

4. The plaintiff sought to inject below and in this appeal, issues involving premium increases and the reasons for them. We agree with the circuit court's finding "that the issue of the increase in premiums and the reason for the increase [are] irrelevant to this Court's determination of this case." Additionally, the plaintiff contends that he had discovery requests outstanding and therefore summary judgment was inappropriate. The plaintiff argues that he made an informal request for a continuance to complete discovery as permitted under *Powderidge Unit Owners Ass'n v.*

*Highland Properties*, 196 W.Va. 692, 474 S.E.2d 872 (1996). There is no merit to this argument. Extensive discovery took place in this case. Subsequent to Nationwide's motion for summary judgment the plaintiff filed additional discovery requests. Nationwide opposed the requests on the grounds that they were unduly burdensome and sought information already provided. In view of the nature of the two dispositive issues in this case, the circuit court correctly found the case was ripe for summary judgment.

er and contains an underinsured endorsement even though the policy covers two or more vehicles. Under the terms of such a policy, the insured is not entitled to stack the coverages of the multiple vehicles and may only recover up to the policy limits set forth in the single policy endorsement.

*See also* Syl. Pt. 5, *Shamblin v. Nationwide Mutual Insurance Co.,* 175 W.Va. 337, 332 S.E.2d 639 (1985) ("A limitation of liability clause within an automobile liability insurance policy which limits coverage for any one occurrence, regardless of the number of covered vehicles, does not violate any applicable insurance statute or regulation, and there is no judicial policy that prevents an insurer from so limiting its liability and yet collecting a premium for each covered vehicle because each premium is for the increased risk of an 'occurrence.' ").

■ In the case at hand the policy issued to the plaintiff contained the following provision: "The insuring of more than one person or vehicle under this policy does not increase our Underinsured Motorists payment limits." This provision "reasonably cannot be subject to divergent interpretations." *Payne* 195 W.Va. at 509, 466 S.E.2d at 168. The relevant payment limit set out in the policy was $100,000. The latter quoted language from the policy clearly and unambiguously states that insuring more than one vehicle under a policy does not increase the $100,000 limit. The circuit court's order granting summary judgment concluded that the provision was an anti-stacking provision.

■ The next issue to be addressed concerns whether the plaintiff received a premium discount for the policy. We focused upon this issue recently in *Miller v. Lemon,* 194 W.Va. 129, 459 S.E.2d 406 (1995). In *Miller* the plaintiff sustained personal injuries in an automobile accident involving an uninsured driver. However, the plaintiff was insured by a single automobile insurance policy which covered two vehicles and included provisions for uninsured motorist coverage. The policy also included anti-stacking language. More importantly, the premium for the policy included a multi-car discount, although not reflected in the language of the policy. We settled the issue of a multi-car discount that is not stated in a policy in syllabus point 4 of *Miller:*

Anti-stacking language in an automobile insurance policy is valid and enforceable as to uninsured and underinsured motorist coverage where the insured purchases a single insurance policy to cover two or more vehicles and receives a multi-car discount on the total policy premium. If no multi-car discount for uninsured or underinsured motorist coverage is apparent on the declarations page of the policy, the parties must either agree or the court must find that such a discount was given. In such event, the insured is not entitled to stack the coverages of the multiple vehicles and may only recover up to the policy limits set forth in the single policy endorsement.

*See* Syllabus, *Marvin v. Lavender,* 194 W.Va. 319, 460 S.E.2d 454 (1995); Syl. Pt. 2, *Tiller v. Blevins,* 194 W.Va. 338, 460 S.E.2d 473 (1995) (per curiam). *See also* Syl. Pt. 3, *Payne* ("An insured is not entitled to stack liability coverages for every vehicle covered by his or her policy when the insured received a multi-car discount, when only one vehicle was involved in the accident, and when the policy contains language limiting the insurer's liability.").

■ In the matter at hand, the plaintiff contends he did not receive a discount. Nationwide argues that a discount was given. Pursuant to *Miller* the disagreement on this issue must be resolved by the court. The summary judgment order of the circuit court resolved the issue as follows: "Based upon the Affidavit of Kurt Dickmann submitted by Nationwide [Mutual] Insurance Company, the Court finds that a multi-car discount was provided to Jerry Linkinoggor on his policy of insurance with Nationwide Mutual Insurance Company which insured four vehicles under one policy[.]"

■ The affidavit of Mr. Dickmann indicated that the plaintiff's premium for insuring four vehicles under one policy was $129.60; and that if the plaintiff had insured each of the vehicles under separate policies the premium would have been $259.20. Mr. Dickmann's affidavit concluded that "[a]s a result of insuring four vehicles on a separate policy of insurance, [the plaintiff] was provided a substantial policy discount amounting to a yearly savings of [$305.60]." The plaintiff did not contradict the numbers contained in

Mr. Dickmann's affidavit below, nor has he done so on appeal.[5] In fact, the plaintiff has conceded that the numbers asserted by Mr. Dickmann are correct. Therefore we affirm the circuit court's ruling on this issue. We conclude that the circuit court correctly determined that plaintiff received a multi-car discount in this case.[6]

### III.

In view of the foregoing the circuit court's order granting summary judgment to Nationwide is affirmed.

Affirmed.

**5.** The plaintiff contends that his affidavit, which denied receiving a discount, made this a material issue of fact that had to be decided by a jury and not the circuit court. The assertion in the plaintiff's affidavit that he did not receive a discount is insufficient to cast doubt upon the undisputed numbers contained in Mr. Dickmann's affidavit. *See City of Morgantown v. W.V.U. Medical Corp.,* 193 W.Va. 614, 620, 457 S.E.2d 637, 643 (1995) (mere assertion by plaintiff not sufficient to defeat defendant's motion summary judgment); *Stewart v. SMC, Inc.,* 192 W.Va. 441, 447, 452 S.E.2d 899, 905 (1994) (mere assertion by plaintiff not sufficient to defeat defendant's motion for summary judgment).

**6.** The plaintiff also contends that under *Bias v. Nationwide Mutual Insurance Company,* 179 W.Va. 125, 365 S.E.2d 789 (1987), Nationwide had a duty to offer him the option of purchasing a policy with stackable coverage. Neither *Bias* nor any statute imposes such a duty on Nationwide.