## PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Plaintiff,

v.

**Robert G. BERRY, in his capacity as Administrator of the Estate of David Ray Gordon, David Wayne Gordon, Kristopher David Gordon, Rachel E. Auxier, individually and in her capacities as guardian for Baylee Gordon**

---

and Co–Administrator of the Estate of Kari Beth Gordon, SBaylee Gordon, Chadwick Dale Auxier, individually and in his capacity as Co–Administrator of the Estate of Kari Beth Gordon, Michael Sean Ritenour, Defendants.

No. 2:06–cv–00945.

United States District Court, S.D. West Virginia, at Charleston.

Nov. 21, 2007.

Sara E. Hauptfuehrer, Esq., Steptoe & Johnson, Clarksburg, WV, for Plaintiff, Provident Life and Accident Insurance Company.

Charles M. Johnson, Jr., Esq., J.E. White, Jr., Esq. Dinsmore & Shohl, Charleston, WV, for Defendant Robert G. Berry, Administrator of the Estate of David Ray Gordon.

D. Scott Tyree, Esq., J. Robert Leslie, Esq., Tyree Embree & Leslie, Hurricane, WV, for Defendants David Ray Gordon (deceased), David Wayne Gordon and Kristopher David Gordon.

David K. Higgins, Esq., Joseph M. Price, Esq., Robinson & McElwee, Charleston, WV, for Defendants Rachel E. Auxier, Baylee Gordon, Chadwick Dale Auxier, and Kari Beth Gordon (deceased).

### MEMORANDUM OPINION AND ORDER

MARY E. STANLEY, United States Magistrate Judge.

Pending before the court are cross-motions for summary judgment filed by defendant Rachel E. Auxier (docket # 50) and defendants David W. Gordon and Kristopher Gordon (docket # 55). The parties consented to proceeding before a magistrate judge (docket # 18), pursuant to 28 U.S.C. § 636(c)(1), and the motions are now ripe for decision. For the reasons set forth below, the first motion is GRANTED and the latter is DENIED.

*Jurisdiction and Venue*

Under 28 U.S.C. § 1335, the court has jurisdiction over this civil action of interpleader filed by Provident Life and Accident Insurance Company ("Provident"), which issued a policy of life insurance with a value of $500 or more, because two or more adverse claimants of diverse citizenship are claiming to be entitled to the insurance proceeds, and Provident has deposited the said proceeds plus accrued interest into the registry of the court. Venue is proper under 28 U.S.C. § 1391(a) because a number of the defendants are subject to personal jurisdiction in this judicial district.

*The Parties*

The plaintiff, Provident, is a Tennessee corporation with headquarters in Chattanooga, Tennessee. (Amended Complaint at 3, ¶ 3.)

The backdrop of this case is a tragic murder-suicide. On January 14, 2006, David Ray Gordon killed his wife, Kari Beth Gordon, and then committed suicide. (Amended Complaint at 4, ¶ 14.)

Defendant Robert G. Berry is the uncle of David Ray Gordon and the administrator of his estate. Mr. Berry is a resident of Kanawha County, West Virginia. (Amended Complaint at 3, ¶ 4.)

Defendants David Wayne Gordon and Kristopher David Gordon are the adult sons of David Ray Gordon from a prior marriage. David Wayne Gordon is a resident of Wilmington, North Carolina. Kristopher David Gordon is a resident of Myrtle Beach, South Carolina. (Amended Complaint at 3, ¶¶ 5 and 6.)

Defendant Rachel E. Auxier is an adult child of Kari Beth Gordon and legal guardian of Baylee Gordon, the minor child of David Ray Gordon and Kari Beth Gordon. (Amended Complaint at 3, ¶ 7.) Defendant Chadwick Dale Auxier is an adult child of Kari Beth Gordon. (Amended Complaint at 4, ¶ 9.) Defendants Chadwick Dale Auxier and Rachel E. Auxier are Co–Administrators of the estate of Kari Beth Gordon and residents of Kanawha County, West Virginia. (Amended Complaint at 3, ¶ 8.)

Defendant Michael Sean Ritenour is an adult, biological son of David Ray Gordon from a prior marriage (docket # 61) and a resident of Kanawha County, West Virginia. Mr. Ritenour's biological mother remarried after her divorce from David Ray Gordon, and Mr. Ritenour was legally adopted by his stepfather. *Id.* The Amended Complaint incorrectly identifies this defendant as David Sean Ritenour. (Amended Complaint at 4, ¶ 10.) By order entered October 30, 2007, the Amended Complaint was corrected to name Mr. Ritenour by his true name, that is, Michael Sean Ritenour (docket # 62).

*Factual and Procedural Background*

The parties agree that there is no genuine issue as to any material fact in this case. Accordingly, there is no need for the court to view the facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

David Ray Gordon was employed by the West Virginia Department of Highways ("WVDOH") until December 31, 2005, when he retired. As an employee of WVDOH, he obtained life insurance coverage under Group Policy No. P–311 ("the Policy"), a life insurance policy issued by Provident to West Virginia Public Employees Insurance Agency ("PEIA"). (Amended Complaint at 2, ¶ 1, 3, ¶ 3, and 4, ¶ 11.)

On October 24, 2002, David Ray Gordon executed an Optional Life Insurance and Dependent Life Insurance Enrollment Form. On the form, he indicated his selection of optional life insurance coverage in the amount of $100,000. He named Kari

B. Gordon, his wife, as the sole beneficiary of that coverage. (Complaint, Exh. E.)

On November 29, 2005, David Ray Gordon executed a Retirement Health Benefits and Basic Life Insurance Enrollment Form on which he named Kari Gordon, his wife, and Baylee Gordon, his daughter, each as a 50 percent beneficiary. (Complaint, Exh. F.) Under the Policy, he had basic life insurance coverage in the amount of $10,000. (Complaint, Exh. A at 3.)

Less than two months later, on January 14, 2006, David Ray Gordon killed Kari Beth Gordon and then committed suicide, making minor Baylee Gordon an orphan. A dispute arose as to who is entitled to the resulting insurance proceeds.

The Policy contains a coverage provision under the heading "Payment of Claims for Life Insurance," which provides in part:

> Any benefits paid for loss of life will be paid to the beneficiary. In the absence of a beneficiary designated by the employee or surviving at the time of the employee's death, payment will be made to the first surviving class of the following classes of successive preference beneficiaries: The employee's (a) widow or widower; (b) surviving children; (c) surviving parents; (d) surviving brothers and sisters (including whole or half blood); (e) estate.

(Complaint, Exh. A at 35.) This provision will be referred to hereinafter as the "surviving class" provision.

By letter dated May 31, 2006, to PEIA, counsel for the Auxier Defendants requested distribution of the proceeds of David Ray Gordon's basic life insurance policy to Baylee Gordon. He wrote that "application of the provisions of W. Va.Code Sec. 42–4–2 [1] and 42–5–4 [2] require that the proceeds of David Gordon's $100,000 Option[al] Life Insurance be paid to the estate of Kari Beth Gordon." [3] (Complaint, Exh. G.) PEIA transmitted this letter to Provident Life on July 17, 2006. (Amended Complaint at 5, ¶ 16.)

By letter dated August 1, 2006, Provident advised counsel for the Auxier Defendants as to Provident's position regarding distribution of the $100,000 optional life insurance proceeds: "David Gordon's wife was the only beneficiary listed. Since Ms. Gordon clearly died prior to Mr. Gordon[,] benefits will be adjudicated based on the policy provisions, which indicate that the surviving children follow the widow in successive preference." (Complaint, Exh. H.)

By letter dated August 25, 2006, counsel for the Auxier Defendants responded to Provident, reiterating his belief that all proceeds of the optional life insurance are payable to the estate of Kari Beth Gordon. (Complaint, Exh. I.)

By letter dated September 6, 2006, Provident replied to counsel for the Auxier Defendants that it was "unable to determine with reasonable certainty the identity of the appropriate beneficiary" and that Provident would interplead the proceeds into the court for a determination as to the proper disbursement. (Complaint, Exh. J).

On November 6, 2006, Provident brought this interpleader action for the

---

1. *West Virginia Code* § 42–4–2 (1931) is West Virginia's "slayer statute." As discussed more fully below, the parties agree that the statute does not apply under the facts of this case.

2. *West Virginia Code* § 42–5–4 (1953) states: "Where the insured and the beneficiary in a policy of life or accident insurance have died and there is no sufficient evidence that they have died otherwise than simultaneously the proceeds of the policy shall be distributed as if the insured had survived the beneficiary."

3. Defendant Rachel E. Auxier now argues that the entire amount of optional life insurance proceeds is payable to Baylee Gordon. (# 51 at 1–5, # 57 at 3–6).

purpose of obtaining a judicial determination of the respective rights of the Defendants to the insurance proceeds (docket # 1). Provident has paid into the court's registry the principal amount of $111,223.56, which sum represents the life insurance proceeds that are the subject of this action, plus accrued interest (docket # 33.)

On May 17, 2007, the parties filed a joint stipulation by which Rachel E. Auxier and Chadwick Dale Auxier waived any claims they may have had to any portion of the insurance proceeds under the Policy and also waived their right to be advised by separate counsel (docket # 45).

At a scheduling conference on April 17, 2007, the court was apprised by the attorneys in this case that David Ray Gordon was survived by an adult, biological son from a prior marriage who, ostensibly, had been adopted. Based on that information, the court ordered that the complaint be amended to add this son as a party defendant (docket # 37). Initially, he was wrongly identified in the Amended Complaint as David Sean Ritenour (docket # 40). On June 4, 2007, service of process directed to David Sean Ritenour was effected upon a person at an address in Hernshaw, WV (docket # 56).

On August 13, 2007, the West Virginia State Registrar of Vital Statistics produced adoption records indicating the adoption of Michael Sean Gordon, son of David Ray Gordon and Marvella Faye Todd, by Beverly Francis Ritenour and Marvella Faye Ritenour, as well as a certified copy of the birth certificate of Michael Sean Ritenour as it is currently on file post-adoption (docket # 61 under seal). On October 30, 2007, the court directed the Clerk to alter the Amended Complaint by removing the name David Sean Ritenour and replacing it with Michael Sean Ritenour. In addition, the court ordered renewed service of process by the United States Marshal Service directed to Michael Sean Ritenour (docket # 63), which was accomplished on November 6, 2007 (docket # 65). Defendant Ritenour failed to serve an answer to the Amended Complaint on counsel for the plaintiff within the ten-day period specified in the summons.

*Arguments of the Parties*

It is undisputed that Baylee Gordon is entitled to receive the full amount of *basic* life insurance proceeds under the Policy. The controversy focuses on the proper distribution of the *optional* life insurance proceeds.

Defendant Rachel E. Auxier ("defendant Auxier") relies on a provision in the Policy concerning the distribution of life insurance proceeds which states: "If a beneficiary dies before [the insured], his or her share will be paid equally to the surviving beneficiaries, unless [the insured] state[s] otherwise." (Complaint, Exh. A at 22.) She argues that only one insurance policy exists, and Kari Beth Gordon and Baylee Gordon are the named beneficiaries. Under the plain and unambiguous language of the Policy, Baylee Gordon's status as the sole, surviving, named beneficiary entitles her to the $100,000 in optional life insurance benefits that would have gone to Kari Beth Gordon (# 51 at 1–5, # 57 at 3–6). Further, defendant Auxier contends that any interpretation of the terms of the Policy is a matter of law which the court can decide. (# 51 at 4).

Defendants David Wayne Gordon and Kristopher David Gordon ("the Gordon defendants") counter that David Ray Gordon selected only Kari Beth Gordon as the named beneficiary of the optional life insurance coverage (docket # 52 at 2–5). Therefore, under the clear and unambiguous "surviving class" provision of the Policy, the optional life proceeds must be divided equally among Baylee Gordon, David Wayne Gordon, and Kristopher David Gor-

don. *Id.* The Gordon defendants emphasize that "David Ray Gordon made two separate elections of beneficiaries ..., one was for basic life coverage and the other was for supplemental life insurance coverage." (Docket # 52 at 3.)

Defendant Robert G. Berry, administrator of the estate of David Ray Gordon, claims no interest in either the basic or optional life insurance coverages (docket # 54 at 2). Defendant Berry submits that since the beneficiary listed on the optional life insurance form (Kari Beth Gordon) did not survive David Ray Gordon, the recipients under the "surviving class" provision of the Policy are his children (docket # 54 at 1–2).

*Standard of Review*

The standard governing disposition of a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [4] is well settled. In *Young v. Employer–Teamsters Local Nos. 175–505 Pension Trust Fund,* No. 2:02–cv–0070, 2007 WL 951527, at *3 (S.D.W.Va. Mar. 26, 2007), the court stated:

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S.

574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

*Young* at 2007 WL 951527, *3.

*Analysis*

Under the sad circumstances of this case, the court confronts a simple question: Should the entire amount of optional life insurance proceeds be paid to Baylee Gordon alone, or in equal 1/3 shares to David Ray Gordon's children: Baylee Gordon, David Wayne Gordon, and Kristopher David Gordon?

A.  *West Virginia Contract Law*

The court is mindful of pertinent established tenets of West Virginia contract law. In *Tawney v. Columbia Natural Resources, L.L.C.,* 219 W.Va. 266, 633 S.E.2d 22 (W.Va.2006), the court stated:

"A valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent." Syllabus Point 1, *Cotiga Development Co. v. United Fuel Gas Co.,* 147 W.Va. 484, 128 S.E.2d 626 (1962).

The term "ambiguity" is defined as language reasonably susceptible of two different meanings or language of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning.

"The question as to whether a contract is ambiguous is a question of law to be determined by the court." Syllabus Point 1, in part, *Berkeley County Pub.*

---

4.  Rule 56 of the Federal Rules of Civil Procedure provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Serv. Dist. v. Vitro Corp. of Am.,* 152 W.Va. 252, 162 S.E.2d 189 (1968). *Tawney* at syl. pts. 3–5.

The rule that plain and unambiguous contractual language will be enforced as made has been applied specifically to provisions of an insurance policy contract:

> " 'Where the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended.' Syllabus, *Keffer v. Prudential Ins. Co.,* 153 W.Va. 813, 172 S.E.2d 714 (1970)." Syllabus point 2, *West Virginia Fire & Casualty Co. v. Stanley,* 216 W.Va. 40, 602 S.E.2d 483 (2004).

Syl. Pt. 3, *Luikart v. Valley Brook Concrete & Supply, Inc.,* 216 W.Va. 748, 613 S.E.2d 896 (W.Va.2005).

### B. *Beneficiary Provisions*

The Policy contains the following provisions regarding beneficiaries of life insurance: "You may name anyone as your beneficiary. You must name the beneficiary(ies) on your enrollment form and submit the form to your benefit coordinator. ... If a beneficiary dies before [the insured], his or her share will be paid equally to the surviving beneficiaries, unless [the insured] state[s] otherwise." (Complaint, Exh. A at 22.) The court finds that the meaning of these provisions is clear and unambiguous; thus they are not subject to judicial interpretation and full effect must be given to the plain meaning intended. Syl. Pt. 3, *Luikart.* Pursuant to the unequivocal terms of the Policy, if a life insurance beneficiary predeceases the insured, her share will be paid equally to the surviving beneficiaries.

▮ Additionally, the Policy contemplates only one enrollment form on which all life insurance beneficiaries are to be named, as the Policy language speaks of "your enrollment form" and "the form" in singular, not plural. (Complaint, Exh. A at 22.) As noted by defendant Auxier (# 57 at 4–5), the Policy constitutes the entire contract of insurance. (Complaint, Exh. A at 2.) The Policy states that it "alone constitutes the entire contract between the Provident and the Policyholder [PEIA]." *Id.* The two separate enrollment forms utilized by PEIA were neither contained within the 36–page Policy, nor were they made part of the Policy by operation of an integration clause. *See Shipley v. Arkansas Blue Cross and Blue Shield,* 333 F.3d 898, 901–02 (8th Cir.2003)(Eighth Circuit found enrollment form was part of insurance policy based on integration clause stating " 'individual applications also become part of this contract.' ") Being extraneous to the contract, the PEIA forms can have no bearing on the meaning of the contract provisions.

It is highly significant that David Ray Gordon signed the Retirement Health Benefits and Basic Life Insurance Enrollment Form ("retirement enrollment form") on November 29, 2005, in anticipation of his retirement from the WVDOH, effective December 31, 2005. (Complaint, Exh. F.) Under the Policy, "[r]etired [e]mployees must enroll in the month of or the month following their date of. retirement." *Id.,* Ex. A at 13.

Section 5–16–2 of the *West Virginia Code* defines a "retired employee" to include "an employee of the state who retired after [April 29, 1971]." *W. Va.Code* § 5–16–2(8) (2002). Under this provision, Mr. Gordon's status in retirement was that of a retired employee for purposes of the West Virginia Public Employees Insurance Act. *W. Va.Code* § 5–16–1 et seq. (1990). Under the Act, his 1,326.50 days of accrued sick and annual leave were converted to 442 months of earned extended insurance coverage, as provided by *W. Va. Code* § 5–16–13(d) (2001)[5]. (Complaint,

---

5. *West Virginia Code* § 5–16–13 (2001) states:

. leave for extended insurance coverage upon

Exh. F.) Through this earned extended insurance coverage, the premiums due to Provident were paid, and the Policy remained in effect until Mr. Gordon's death.

■ On the retirement enrollment form, Mr. Gordon designated Kari Gordon and Baylee Gordon each as a 50 percent beneficiary of his life insurance under the Policy. Given that the Policy requires a retired employee to complete an enrollment form in the month of his date of retirement, just as Mr. Gordon did, and also given that the retirement enrollment form represents earned extended insurance coverage unique to Mr. Gordon's status as a retired employee, the court finds that the retirement enrollment form supercedes the Optional Life Insurance and Dependent Life Insurance Enrollment Form, which Mr. Gordon signed on October 24, 2002, and on which he named Kari B. Gordon as his sole beneficiary. (Complaint, Exh. E.) Thus, the court concludes that the retirement enrollment form was the only enrollment form in effect at the time of Mr. Gordon's death, and therefore, that form controls the outcome of this dispute over the insurance proceeds under the Policy.

The Gordon defendants argue that the "surviving class" provision, above, governs distribution of the insurance proceeds. However, that provision is not triggered by the undisputed facts of this case as there is no "absence of a beneficiary designated by the employee or surviving at the time of the employee's death." (Complaint, Exh. A, at 35.) Baylee Gordon was designated as a beneficiary by David Ray Gordon, and she was surviving at the time of his death. The Policy plainly states that in the event a beneficiary dies before the insured, his or her share will be paid equally to the surviving beneficiaries. Here, since Kari Beth Gordon died before David Ray Gordon, under the Policy, her share must be paid to the sole, surviving, named beneficiary, Baylee Gordon.

### C. Recovery Not Barred by Slayer Statute or Common Law

None of the parties contends that *West Virginia Code* Section 42–4–2 (1931), commonly known as the "slayer statute," bars any of the children of David Ray Gordon from receiving a share of the subject insurance proceeds (# 52 at 2, # 57 at 2 n. 2). The court agrees and will not belabor the matter.

For the foregoing reasons, it is hereby **ORDERED** that Defendant Rachel E. Auxier's Motion for Summary Judgment (docket # 50) is **GRANTED,** and Defendants David W. Gordon's and Kristopher Gordon's Counter–Motion for Summary Judgment (docket # 55) is **DENIED.** The Clerk is directed to disburse all proceeds, including accrued interest, to Rachel E.

---

Conversion of accrued annual and sick retirement for employees who elected to participate in the plan before July, one thousand nine hundred eighty-eight.—Except as otherwise provided in subsection (g) of this section, when an employee participating in the plan, who elected to participate in the plan before the first day of July, one thousand nine hundred eighty-eight, is compelled or required by law to retire before reaching the age of sixty-five, or when a participating employee voluntarily retires as provided by law, that employee's accrued annual leave and sick leave, if any, shall be credited toward an extension of the insurance coverage provided by this article, according to the following formulae: The insurance coverage for a retired employee shall continue one additional month for every two days of annual leave or sick leave, or both, which the employee had accrued as of the effective date of his or her retirement. For a retired employee, his or her spouse and dependents, the insurance coverage shall continue one additional month for every three days of annual leave or sick leave, or both, which the employee had accrued as of the effective date of his or her retirement.

Auxier, as guardian for Baylee Gordon, and to David K. Higgins and Joseph M. Price, counsel for Rachel E. Auxier and Baylee Gordon.

It is further **ORDERED** that defendant Michael Sean Ritenour has defaulted in this action by failing to appear and defend against the Amended Complaint within ten calendar days of the summons and Amended Complaint being served upon him, in accordance with the Order and Notice entered by the undersigned on October 30, 2007 (docket # 63).

Finally, it is **ORDERED** that this matter is **DISMISSED** from the docket of this court.

The Clerk is requested to transmit a copy of this Memorandum Opinion and Order to all counsel of record and post this published opinion at http://www.wvsd.uscourts.gov.