# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Clinton Timothy Collins and
Clinton Delmos Collins,
Plaintiffs Below, Petitioners**

**FILED**

February 27, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0357** (Logan County 09-C-114)

**Nationwide Mutual Insurance Company,
Arble Morgan, and the Arble Morgan
Insurance Agency, Defendants Below,
Respondents**

## MEMORANDUM DECISION

Petitioners Clinton Timothy Collins ("Timothy Collins") and Clinton Delmos Collins ("Delmos Collins"), by counsel Guy R. Bucci and Mark R. Barney, appeal the orders of the Circuit Court of Logan County granting respondents' motions for summary judgment. Respondent Nationwide Mutual Insurance Company ("Nationwide"), by counsel Corey L. Palumbo and Evan R. Kime, and Respondents Arble Morgan and the Arble Morgan Insurance Agency (collectively, "Arble Morgan"), by counsel David Cook, filed responses. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders, entered on June 3, 2013, and December 19, 2013, is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

This appeal stems from two orders entered by the circuit court granting summary judgment in favor of Nationwide and Arble Morgan, respectively, that dismissed petitioners' civil action challenging Nationwide's denial of insurance coverage for a motor vehicle accident. On November 8, 2008, Timothy Collins was driving a 1989 Ford Ranger pickup truck when he was struck by a vehicle driven by John Viars, who had run a red light. The Ford Ranger was owned by Delmos Collins, Timothy Collins' father.[1] Delmos Collins purchased the Ford Ranger in 2007, licensed the vehicle in the State of Virginia, and insured it with a policy issued by Farmers Insurance Group through a licensed insurance agent in the State of Virginia.

---

[1] Delmos Collins was not with his son in the vehicle at the time of the accident.

1

Following the accident, Timothy Collins submitted claims for his injuries under Mr. Viars' automobile insurance policy and reached a settlement for the liability limits of $20,000. Timothy Collins also submitted a claim for underinsured motorists' coverage under his father's policy with Farmers Insurance Group on the Ford Ranger and reached a settlement for the policy limit of $50,000.

The dispute in the present case resulted from two claims that Timothy Collins made under two Nationwide policies purchased by his father: (1) an underinsured motorists' claim under a Nationwide automobile insurance policy, and (2) a claim under a Nationwide Umbrella Liability Insurance Policy. Delmos Collins purchased the Nationwide umbrella policy through Arble Morgan.[2]

Nationwide denied Timothy Collins' claim under his father's automobile insurance policy because the policy did not list the Ford Ranger as an insured vehicle.[3] With respect the umbrella policy, the Underinsured Motorists' Coverage Endorsement therein states as follows:

It is agreed that the endorsement is subject to the terms and conditions of the underinsured motorists coverage included in an underlying policy or policies of insurance described in the Declarations except as modified herein.

We will pay up to your Personal Umbrella policy's limit of liability the amount that an insured is legally entitled to recover from the owner or driver of an underinsured motor vehicle.

Damages must result from an accident arising out of ownership, maintenance, or use of the underinsured motor vehicle. The following conditions apply:

1. You must maintain an underlying insurance policy or policies described in the Declarations which provide underinsured motorists coverage with the listed underlying limits.

. . . .

4. This coverage will apply only to losses that are payable by your underlying coverage.

---

[2] According to Delmos Collins' deposition, he purchased a $1,000,000 umbrella policy in or around 2002, after his wife was involved in an automobile accident. Delmos Collins alleges that Arble Morgan told him at the time that the umbrella policy would "cover everything that [he] owned."

[3] The policy listed only a 2004 Chrysler Pacifica.

The Farmers Insurance Group policy that insured the Ford Ranger was not listed on the umbrella policy's declaration page. Additionally, Delmos Collins' Nationwide automobile insurance policy, which *was* listed on the declaration page, did not provide coverage for the Timothy Collins' injuries while driving the Ford Ranger because the Ford Ranger was not covered by that policy. Therefore, Nationwide denied Timothy Collins' claim under his father's umbrella policy as well.

Petitioners filed their original complaint in May of 2009 and their amended complaint, adding Arble Morgan as a defendant, in October of 2009.[4] Petitioners alleged causes of action for breach of contract, common law bad faith, violation of the West Virginia Unfair Trade Practices Act ("UTPA"), punitive damages, and for declaratory judgment. In their declaratory judgment claim, petitioners asked the circuit court to declare that coverage existed under either the Nationwide automobile insurance policy or its umbrella policy. After months of discovery, petitioners moved for partial summary judgment on their declaratory judgment claim. Petitioners argued that the insuring clause in the umbrella policy -- "[y]ou must maintain an underlying insurance policy or policies described in the Declarations which provide underinsured motorist coverage with the listed underlying limits" -- created two categories of policies that trigger coverage: (1) an underlying insurance policy, and (2) policies described in the Declaration. Petitioners argued that the umbrella policy provided coverage based on any underlying insurance policy regardless of whether that policy was listed in the Declaration. Therefore, according to petitioners, the Nationwide umbrella policy provided additional coverage beyond the Farmers Insurance Group policy, and thus, covered the Ford Ranger involved in the accident.

By order entered on August 12, 2010, the circuit court rejected petitioners' argument and denied their motion for partial summary judgment on their declaratory judgment claim.[5] The circuit court ruled that the use of the word "or" in the insuring clause, quoted above, "simply links together the singular and plural of the same noun," and that "it is abundantly clear that the

---

[4] The gist of petitioners' claim against Arble Morgan was that Delmos Collins relied on Arble Morgan to advise him of his insurance needs and to procure the coverages he requested and needed. To this allegation, Delmos Collins testified that Arble Morgan told him that he could sell him a "million dollar [umbrella] policy that would cover everything that [he] owned." As respondents point out, apparently Delmos Collins believed that the umbrella policy would cover everything that *he would ever own*, regardless of whether he notified his agent of future purchases. Also, the circuit court noted that, as a result of a prior conversation with Arble Morgan about insuring some of Delmos Collins' real property located in Virginia, Delmos Collins was aware that Arble Morgan was a licensed agent only in the State of West Virginia and could not sell insurance on property titled in Virginia.

[5] By this point in the litigation, Delmos Collins had given a deposition in which he stated that he had never notified Arble Morgan of his purchase of the Ford Ranger in 2007. In fact, according to Nationwide, he testified that he felt it was unnecessary to notify his agent that he purchased a new vehicle. Importantly, it was not until after the circuit court ruled that no coverage existed that Delmos Collins changed his testimony in a subsequent deposition to allege otherwise.

3

[insuring clause] requires the insured to maintain one or more underlying insurance policies that must be described in the Declarations of the policy." Finding no ambiguity in the policy, the court concluded that the doctrine of "reasonable expectations" was not implicated. The court concluded that coverage was excluded for Timothy Collins' accident under both Nationwide policies at issue.

In February of 2011, Nationwide moved for summary judgment on the remaining claims against it. Petitioners responded and requested reconsideration of the court's declaratory judgment ruling. As support, petitioners cited the testimony from Delmos Collins' second deposition, in which he alleged -- contrary to his first deposition -- that he advised Arble Morgan of the purchase of the Ford Ranger in 2007. The parties submitted additional briefing to the circuit court on this issue. By order entered on December 7, 2011, the circuit court denied petitioners' motion for reconsideration and took note of Delmos Collins' conflicting testimony after the declaratory judgment ruling. The circuit court ruled that such conflicting testimony cannot be used to create an issue of fact. *See Kiser v. Caudill,* 215 W.Va. 403, 599 S.E.2d 826 (2004) (applying the "sham affidavit" rule.).

After additional briefing, the circuit court granted Nationwide's motion for summary judgment by order entered on June 3, 2013, based in large part on its August 2010, order finding no coverage. Because no coverage existed for the Ford Ranger, and the court ruled that petitioners' claims for breach of contract, common law bad faith, violation of the UTPA, and for punitive damages failed as a matter of law. The circuit court dismissed all of petitioners' claims against Nationwide.

By order entered on December 19, 2013, the circuit court granted summary judgment in favor of Arble Morgan and dismissed all claims against it.[6] The circuit court found no evidence in the record that (1) Arble Morgan participated in Nationwide's decision to deny coverage; (2) Timothy Collins had any relationship, contractual or otherwise, with Arble Morgan; and (3) Delmos Collins, the only party with a relationship with Arble Morgan, was not involved in the accident and suffered no injury as a result. The circuit court concluded that pursuant to West Virginia Code § 33-11-4a, Timothy Collins could not bring a third-party bad faith claim, and that there was no evidence to support Delmos Collins' UTPA claim against Arble Morgan. The circuit court dismissed all claims against Arble Morgan. Petitioners now appeal to this Court.

**Discussion**

Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, "[s]ummary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995). We

---

[6] The circuit court had previously dismissed petitioners' breach of contract claims against Arble Morgan by order entered on February 8, 2013, but reserved its ruling on the UTPA claims until the December 19, 2013, order.

4

review the entry of summary judgment de novo. *See* Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

On appeal, petitioners first argue that the circuit court erred in granting summary judgment in favor of Nationwide on the application of the umbrella policy because the language of the policy is ambiguous and Nationwide (through its agent, Arble Morgan) told Delmos Collins that the Ford Ranger was covered before the accident. Initially, we note that petitioners advance a different argument on appeal with respect to the application of the umbrella policy than what they argued to the circuit court in response to Nationwide's summary judgment motion. Before the circuit court, they contended that the policy was *un*ambiguous and mandated coverage. The circuit court correctly found that the umbrella policy was unambiguous, but that that the unambiguous language dictated that coverage be denied for the subject accident. *See Erie Ins. Prop. and Cas. Co. v. Smith,* 2006 WL 3733319 (S.D.W.Va., Dec. 15, 2006) ("It is well-settled law in West Virginia that 'language in an insurance policy should be given its plain, ordinary meaning[.]' Further, '[w]here the provisions in an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended.'") (citing *Aluise v. Nat'l. Mut. Fire Ins. Co.,* 625 S.E.2d 260, 267 (2006) and *Keefer v. Prudential Ins. Co.,* 172 S.E.2d 714, 716 (1970)).

The second part of petitioners' first assignment of error, which is the main premise for this appeal, is that Delmos Collins reported to Arble Morgan prior to the accident that he bought the Ford Ranger. Petitioners' assertion requires us to examine the circuit court's treatment of Delmos Collins' two conflicting depositions. The record reflects that when the circuit court ruled that there was no insurance coverage, Delmos Collins had given his first deposition and testified about his discussions with Arble Morgan. In his initial deposition, he testified that he did not believe he had to tell Arble Morgan about the truck because he believed it would be automatically covered. Not until after the circuit court agreed with Nationwide that the umbrella policy did *not* cover the Ford Ranger or the Farmers policy, did Delmos Collins change his testimony to assert that he had reported to Arble Morgan that he bought the truck and that Arble Morgan told him it was covered.

Upon our review of the two deposition transcripts, we believe that the circuit court was correct to find that the second deposition was insufficient to create an issue of fact necessary to defeat summary judgment. With respect to contradictory, or "sham," affidavits, we have held that

> [t]o defeat summary judgment, an affidavit that directly contradicts prior deposition testimony is generally insufficient to create a genuine issue of fact for trial, unless the contradiction is adequately explained. To determine whether the witness's explanation for the contradictory affidavit is adequate, the circuit court should examine: (1) Whether the deposition afforded the opportunity for direct and cross-examination of the witness; (2) whether the witness had access to pertinent evidence or information prior to or at the time of his or her deposition, or whether the affidavit was based upon newly discovered evidence not known or available at the time of the deposition; and (3) whether the earlier deposition

5

testimony reflects confusion, lack of recollection or other legitimate lack of clarity that the affidavit justifiably attempts to explain.

Syl. Pt. 4, *Kiser v. Caudill,* 215 W.Va. at 405, 599 S.E.2d at 828 (2004). In the present case, petitioners' brief repeatedly alleges that Arble Morgan (on behalf of Nationwide) told Delmos Collins that the Ford Ranger was covered, relying solely on the second deposition. Importantly, however, petitioners have never adequately explained Delmos Collins' sudden change in his testimony. We, like the circuit court, are left with the conclusion that the new testimony was nothing more than an attempt to improperly revitalize a lost case with contradictory and self-serving testimony. Accordingly, we find no error by the circuit court in disregarding the second deposition. We agree with the circuit court that the denial of insurance coverage for Timothy Collins' accident was proper and that Nationwide and Arble Morgan were, therefore, entitled to summary judgment as to all of petitioners' claims.

As Nationwide correctly points out, petitioners' remaining assignments of error are premised on Delmos Collins' second deposition, in which he asserted that he reported to Arble Morgan that he purchased the Ford Ranger and that Arble Morgan told him the truck was covered. As we have previously determined, this assertion was properly disregarded by the circuit court. Therefore, it is not necessary to address petitioners' remaining assignments of error.

For the foregoing reasons, we affirm the orders of the Circuit Court of Logan County granting respondents' respective motions for summary judgment.

Affirmed.

**ISSUED:** February 27, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II